v.

The STATE of Oklahoma, Appellee.

No. J–80–106.

Court of Criminal Appeals of Oklahoma.

April 17, 1981.

T. Walter Newmaster and Roger L. Benson, Ada, for appellant.

Gordon R. Melson, Dist. Atty., Pontotoc County, State of Oklahoma, Ada, for appellee.

## OPINION

BRETT, Judge:

P.C.C. was certified to stand trial as an adult for the offense of Murder in the First Degree in the District Court of Pontotoc County. On appeal he does not challenge the finding of prosecutive merit; he contends that the State did not present substantial evidence of non-amenability and that the judge who conducted the certification proceeding should have disqualified himself. Neither of these arguments possesses any merit.

### A.

The record fully supports the district court's findings regarding amenability to rehabilitation. One of the juvenile's own witnesses, a psychologist who had examined the juvenile and was familiar with his case, testified that he is of average intelligence and has good judgment in a normal situation. But she said that in a stressful situation he is not able to exercise that judgment; he acts on impulse. And the psychologist indicated that by "impulse" she meant that he did not consider the ramifications of his actions, even though he may have carefully considered how he was going to commit his actions. This inability to control his impulses is aggravated by alcohol or drugs.

The psychologist's recommended treatment was two or three years of intensive daily counseling, in a structured, closed, residential setting. She specifically mentioned Speck Home for Boys as having a seventy percent to eighty-five percent success rate, but she could not guarantee that the program would be successful with this particular juvenile. Finally, the psychologist said that the probability of the juvenile committing further acts of violence was high, especially if he had access to alcohol or drugs.

The psychologist's testimony was corroborated by that of the director of Goodland Presbyterian Family Service Agency, also one of the juvenile's witnesses, who had worked with the juvenile and his family for over a year. Before the killing the juvenile had been placed at the Goodland Presbyterian Children's Home for several months, but he did not profit from the program. The witness said that he was a "perfect" resident, but that he was just going through the motions to get home again. He did not receive any psychological benefit. She also believed that the juvenile might commit another homicide, if he was angry enough or drunk enough.

The State's evidence primarily concerned the juvenile's prior history. The CRCS intake worker said there were five separate intake proceedings initiated in the space of a year and a half. And the juvenile's probation worker testified to his drinking problem and his home situation.

The juvenile contends that the expert testimony established a lack of maturity, but that is his interpretation of the testimony. The judge interpreted it differently. He also argues that his prospects for rehabilitation are high, citing an eighty-seven percent success rate of Speck Home. However, this is just one of several factors to be considered by the judge in a certification proceeding. The record shows that the judge considered all the factors involved in reaching his decision. This Court cannot find fault with that decision.

### B.

The judge who heard the proceedings had heard a previous certification proceeding and a preliminary examination in this case. He had certified the juvenile to stand trial as an adult and had ordered him bound over

for trial. But then this Court reversed the certification order and remanded the case for a new certification proceeding. The appellant argues that the situation is analogous to 22 O.S.1971, § 576, which provides that the judge who conducts the preliminary examination may not try the case unless the parties consent to it. He also hints that the judge may have come into the second certification hearing with his mind already set on how he was going to rule.

■ The record does not support the appellant's position. Section 576, supra, is not applicable. And the mere fact that the judge had heard the evidence once does not show bias. (In fact, the parties took advantage of the situation by stipulating to the evidence presented previously.) Nor does this Court interpret the single remark cited by the appellant as showing a predisposition, when it is taken in context. Every indication from the record is that the appellant got a fair and impartial hearing.

The order of the district court certifying the appellant to stand trial as an adult is AFFIRMED.

BUSSEY and CORNISH, JJ., concur.