Kenneth David WILLIS, A/K/A Kenneth David Jones, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–81–722.

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1982.

Jack Bliss, Tahlequah, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Kenneth David Willis, a/k/a Kenneth David Jones, hereinafter referred to as the defendant, was convicted in Cherokee County District Court, Case No. CRF–80–14, of Assault and Battery with Intent to Kill, was sentenced to twenty (20) years' imprisonment, and on appeal he raises two assignments of error. For a discussion of the facts see the companion case of *Seth v. State,* 647 P.2d 452, 53 O.B.J. 1619 (Okl. Cr. 1982).

## I.

In his first assignment of error, the defendant argues that the trial judge was disqualified to hear the case pursuant to 20 O.S. 1981, § 1401(c), which provides as follows:

(c) No judge of any court shall sit in the trial or hearing of any criminal cause or proceeding if he is related to any attorney of record in such cause within the third degree of consanguinity or affinity without the consent of the parties who have made an appearance in such cause or proceeding entered of record: Provided this disqualification shall not apply to arraignments, the fixing of bail, or the acceptance of pleas.

The defendant contends that his attorney, Jack Bliss, is the uncle of the presiding judge, the Honorable William H. Bliss. Although the defendant does not allege that he desired the disqualification of Judge Bliss, it is his position that, since neither he nor the State gave consent "entered of record," a judge is disqualified under such circumstances until the disqualification is waived or the right of the judge to sit in the trial is *consented to* (emphasis added) by all who made an appearance in such proceeding.

■ At the outset we note that the defendant has failed to make a record which establishes the alleged kinship; thus, he has failed to properly support his argument. As this Court has held on numerous occasions, it is incumbent upon a defendant in seeking appeal to bring a sufficient record before the court in order to determine the

issues. *Claunch v. State,* 501 P.2d 850 (Okl. Cr. 1972); *Pierce v. State,* 495 P.2d 407 (Okl. Cr. 1972). The defendant has not properly preserved this issue for review.

■ Moreover, the right to preclude a disqualified judge from trial is a personal privilege which can be waived. *Dancy v. Owens,* 126 Okl. 37, 258 P. 879 (1927). Furthermore, the defendant failed to follow the proper procedure for seeking a disqualification of the trial judge. See, 20 O.S. 1981, § 1403. Strict compliance with this section is required before a trial judge will be disqualified. *Passmore v. State,* 87 Okl. Cr. 391, 198 P.2d 439 (1948). As the Oklahoma Supreme Court found in the case of *In Re Miller's Estate,* 182 Okl. 534, 78 P.2d 819 (1938), when it construed the predecessor statute of section 1403, we find that the defendant in the case at bar has waived the disqualification of the presiding judge.

## II.

■ In his second assignment of error, Willis complains that evidence of "other crimes" was improperly admitted, in violation of *Burks v. State,* 594 P.2d 771 (Okl. Cr. 1979). On direct examination by the prosecutor, Victoria Seth, the wife of co-defendant David Seth, divulged that the defendants had committed robberies to support themselves. The defense counsel's objection and motion that the comment be stricken from the record and the jury admonished not to consider it was sustained, and the court admonished the jury that, "It is not part of the record."[1] This Court has

---

1. The record reveals the following:

Q. Okay. Was your husband employed at that time while you were in Cherokee County?
A. No.
Q. Was David Willis employed to the best of your knowledge, at that time?
A. No.
Q. Okay. Were either you or Mrs. Willis employed at that time?
A. No.
Q. How did you survive during that time?
A. With the money that the two men got when they would go out and do, like robbery, and things at night.

MR. BLISS: Now, to which we object and move that it be stricken from the record and the jury admonished not to consider it.
THE COURT: The objection will be sustained. It is not part of the record.
Q. (Mr. Starr) I call your attention up to the 13th day of October, 1979, were you, either you or David Seth, or David Willis or Teresa Willis employed?
A. (Witness) No.
Q. Now, I call your attention to the 13th day of October, 1979,—
MR. BLISS: Now, just a minute, Your Honor. Excuse me, could we excuse the jury for just a minute? I want to make an objection.
* * * * * *

held on numerous occasions that when a trial court admonishes the jury not to consider the remarks of counsel, or a witness, the admonition usually cures an error, unless it is of such a nature, after considering the evidence that the error appears to have determined the verdict. *Wimberli v. State*, 536 P.2d 945 (Okl. Cr. 1975); *Kitchens v. State*, 513 P.2d 1300 (Okl. Cr. 1973). In light of the overwhelming evidence of guilt in the instant case we feel such remarks were not instrumental in the determination of the jury's verdict. Any error that was committed in the instant case was at most harmless error. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This assignment of error is without merit.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.

(Whereupon, the jury was admonished not to discuss the case, excused and the following proceedings were had outside the hearing of the jury, to-wit).

MR. BLISS: Mr. Starr asked the question if any of those people were employed down there, Kenneth Willis or David Seth, or either of the two women; then he asked her how she lived, or how they lived, and she testified from robberies that they committed, to which I objected and the objection was sustained and the jury admonished not to consider it, and then he turned right around and to reemphasize the question to ask if any of these people were employed at that time. Now, in view of that fact, I think this jury—there is not [sic] way they can get that out of their minds, and I would move the Court to declare a mistrial at this time.

THE COURT: The mistrial will be overruled and exceptions. I think the admonition to the jury is sufficient to satisfy them.

MR. BLISS: All right. Now, I would say this: That anymore of this stuff mentioned, that a mistrial should be declared.

THE COURT: I think the question has been asked and answered. (Tr. 239–240).