**Paul Otis JORDAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–87–260.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, Fred L. Staggs, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Judge:

Paul Otis Jordan, appellant, was tried by jury and convicted of Assault and Battery With a Dangerous Weapon (21 O.S.1981, § 645), After Former Conviction of Two or More Felonies (21 O.S.Supp.1985, § 51(B)), in Case No. CRF–86–92, in the District Court of Seminole County, the Honorable Lee Stilwell, Special Judge, presiding. The jury assessed punishment at imprisonment for twenty (20) years. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse.

■ A statement of facts is unnecessary, as we find merit in appellant's first assignment of error raised in his supplemental brief filed with permission of the Court. Appellant asserts it was reversible error for the same judge to preside at his preliminary hearing and at trial absent consent of the parties. We agree.

Title 22 O.S.1981, § 576, provides: "The judge who conducts the preliminary examination shall not try the case *except with*

*the consent of all parties."* (emphasis added)

 A statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. *Nickell v. State,* 746 P.2d 1155, 1158 (Okla.Crim.App. 1987). Here, the statute is phrased as a negative imperative. Just as it is a rule of statutory construction that the term "shall" is mandatory, *id.,* "shall not" when used in a statute is a mandatory prohibition.

In the instant case, we have a facial violation of the statute. The remaining question is whether there is record evidence to support that all parties consented to having Judge Stilwell sit at trial after presiding at the preliminary hearing. We cannot imply consent from a silent record where, as here, the statute requires an affirmative expression of consent. Here, there is no such expression. We, therefore, hold that it was reversible error for Judge Stilwell to preside at appellant's trial after conducting the preliminary hearing absent record consent of all parties. Based on the foregoing, we REVERSE and REMAND for a new trial.

BRETT, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY Judge, dissenting,

I must respectfully dissent. The majority holds, without authority, that 22 O.S. 1981, § 576 requires the affirmative consent of the parties, on the record, before the same judge can preside at both the preliminary hearing and trial. I cannot agree.

Under an analogous provision, 20 O.S. 1981, § 1401(c), a trial judge may be disqualified when a party is able to show that the judge is prejudiced in the case before him. In *Willis v. State,* 650 P.2d 873, 874 (Okl.Cr.1982), this Court held that the right to preclude a disqualified judge from trial is a personal privilege which can be waived. Likewise, I would hold that 22 O.S.1981, § 576 creates a personal right in either party to object to the trial judge's participation at both the preliminary hearing and trial. However, such right can be waived. *Willis,* at 874.

The record reveals that at a time when both parties were fully aware that Judge Stilwell had presided over the preliminary hearing, both parties announced "ready for trial." Appellant did not object before or during trial. This should be presumed as an implied consent. Moreover, the appellant has wholly failed to demonstrate, and the record does not reveal any prejudice from Judge Stilwell's participation at both the preliminary hearing and trial. Therefore, I respectfully dissent.