The STATE of Oklahoma, ex rel. Robert J. HICKS, Director of the Oklahoma State Bureau of Investigation, and ex rel. Robert Macy, District Attorney In and For District Seven, State of Oklahoma, Petitioners,

v.

The Honorable Leamon FREEMAN, Judge of the District Court Within and For Oklahoma County, State of Oklahoma, Respondent.

No. P–90–511.

Court of Criminal Appeals of Oklahoma.

July 3, 1990.

State Bureau of Investigation (OSBI) criminal history records pertaining to the arrest of defendant John Paul Thrash and disposition of the proceedings in *State v. Thrash,* Oklahoma County District Court Case Nos. CRF–84–3466, CRF–83–2245, and CRF–80–2530. This Court declined to summarily grant the relief prayed for, but in the alternative, issued an order staying proceedings and directing the Honorable Respondent to file a response. Said response, as well as reply briefs, were timely filed.

The record reveals that defendant Thrash plead guilty to a charge of Indecent Exposure in Case No. CRF–80–2530 and received a two (2) year deferred sentence in 1980. In 1983, the defendant plead guilty to four (4) counts of Indecent Exposure in Case No. CRF–83–2245 and received a one (1) year deferred sentence. In 1984, the defendant plead guilty to a charge of Concealing Stolen Property in Case No. CRF–84–3466 and received a two (2) year unsupervised deferred sentence. On February 19, 1988, defendant Thrash filed a motion in the district court to expunge his OSBI record. A hearing was set for February 5, 1988, but no order was thereby issued.

On March 28, 1990, defendant Thrash again petitioned the district court to expunge his criminal history records. A hearing was conducted on April 30, 1990, after which the Honorable Respondent sustained the defendant's motion. In his order, Judge Freeman held that the records at issue be "expunged and sealed" pursuant to 22 O.S.Supp.1987, § 19, and 22 O.S. Supp.1988, § 991c. From said order, petitioner's have filed the instant action.

In seeking issuance of a Writ of Prohibition from this Court, a "[p]etitioner has the burden of establishing that (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy." 22 O.S.Supp.1989, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 10.6(A). *See also James v. Rogers,* 734 P.2d 1298, 1299 (Okla.1987).

## ORDER GRANTING PETITION FOR WRIT OF PROHIBITION

On May 10, 1990, petitioners filed an application for this Court to assume jurisdiction and issue an extraordinary writ prohibiting the Honorable Respondent from ordering petitioners to seal the Oklahoma

### (1)

In the present case, the Honorable Respondent exercised judicial power by ordering that the defendant's criminal records be "expunged and sealed."

### (2)

Title 22 O.S.Supp.1988, § 991c, provides in relevant part:

Upon completion of the probation term, which probation term under this procedure shall not exceed five (5) years, the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty or plea of nolo contendere shall be expunged from the record and said charge shall be dismissed with prejudice to any further action.

It is uncontested that defendant Thrash's guilty pleas were properly expunged from his records and that the charges against him were properly dismissed. Indeed, § 991c clearly authorizes such action. Rather, the issue to be resolved by this Court is whether § 991c authorizes a district court to order expunction of criminal arrest records.[1] We hold that it does not.

We first address the argument advanced by both respondent and petitioners that this Court has previously considered the expunction of arrest records following a plea of guilty and resolved the issue in a 1982 unpublished order. Initially, we reiterate that unpublished opinions are not to be cited as authority before this Court. 22 O.S.Supp.1989, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 3.5(C). Moreover, we note that the unpublished order in question concerned the expunction of arrest records following an acquittal. As the defendant herein was not acquitted of any of the charges filed against him, we find that the cited unpublished order is clearly inapplicable to the present action.

The fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. *Thomas v. State*, 404 P.2d 71, 73 (Okl.Cr.1965). "A statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." *Jordan v. State*, 763 P.2d 130, 131 (Okl.Cr.1988). As previously stated, § 991c clearly authorizes the expunction of a "verdict or plea of guilty or plea of nolo contendere." However, there is absolutely no language in the provision authorizing the expunction of criminal arrest records. Expunction of such records, under limited circumstances, is authorized only by 22 O.S.Supp.1987, § 18, and this section does not authorize expunction of arrest records following completion of a deferred sentence.

As this Court held in *McCullick v. State*, 682 P.2d 235, 236 (Okl.Cr.1984), "We find that this is a proper instance for applying the maxim 'expressio unius est exclusio alterius,' meaning that the mention of one thing in a statute implies exclusion of another." Applying this maxim to § 991c, we find that the legislature's inclusion of the language "verdict or plea of guilty or plea of nolo contendere" impliedly excludes from the possibility of expunction all other records, including "criminal arrest records." This holding is further supported by the fact that the legislature has specifically provided for the expunction of arrest records by enacting § 18. On the basis of the foregoing, we find that Judge Freeman's order directing the expunction of defendant Thrash's criminal records pursuant to § 991c was unauthorized by law.

### (3)

Finally, we must determine whether the order of the district court will result in injury for which there is no other adequate remedy. Petitioners argue that they have no other adequate remedy as there is no statutory provision under which they may later apply to unseal the defendant's criminal arrest record. The Honorable Respondent asserts that petitioners have an adequate remedy "under a procedure similar to that outlined in § 19(L)" if the defen-

---

1. As counsel for respondent agrees that 22 O.S. Supp.1987, §§ 18 and 19, is inapplicable to the present case, we will not address the same.

(*See* Respondent's Response to Petition for Writ of Prohibition & Application for Stay, pp. 10–11).

dant's records are expunged pursuant to § 991c.

We first note that counsel for respondent has failed to cite any authority which would allow petitioners to apply for the unsealing of the defendant's records. Rather, counsel simply asserts that petitioners have the right to unseal the defendant's records because § 991c does not preclude a subsequent order to unseal records previously sealed. We disagree. As discussed above, we find that the legislature did not intend for § 991c to serve as authority for expunction of arrest records. On this basis, we must also find that § 991c does not authorize the unsealing of arrest records, notwithstanding the fact that this provision does not specifically preclude the same. Because no authority exists for the unsealing of arrest records under the circumstances of this case, we agree with petitioners that their only adequate remedy is a Writ of Prohibition.

IT IS THEREFORE THE ORDER OF THIS COURT that petitioners' application for Writ of Prohibition should be, and the same hereby is, GRANTED. The protested order of April 30, 1990, in Oklahoma County District Court Case Nos. CRF–84–3466, CRF–83–2245, and CRF–80–2530, is REVERSED and this cause is REMANDED for further proceedings consistent with this Order.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS,
Presiding Judge
/s/ James F. Lane
JAMES F. LANE,
Vice Presiding Judge
/s/ Tom Brett
TOM BRETT,
Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge