**Clay DOSS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-89-126.**

Court of Criminal Appeals of Oklahoma.

March 9, 1992.

Jim Brent Smalling, Trial Counsel, Chickasha, Allen Smith, Asst. Appellate Public Defender, Norman, for appellant.

Nolan Hackler, Asst. Dist. Atty., Trial Counsel, Duncan, Robert H. Henry, Atty. Gen., Diane L. Slayton, Asst. Atty. Gen., Tracy A. Case, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Appellant, Clay Doss, was charged by information with the crime of Second Degree Burglary, After Former Conviction of Two or More Felonies, in Grady County District Court Case No. CRF–88–10. Preliminary hearing was held February 12, 1988, before the Honorable Karen Hibbs, Special Judge. Jury Trial was held March 3 and 4, 1988, also before the Honorable Karen Hibbs. The jury returned a verdict of guilty and recommended a sentence of twenty (20) years imprisonment. The trial court sentenced accordingly. From this Judgment and Sentence, appellant appeals.

A recitation of the facts is unnecessary as we are reversing and remanding for a new trial based on appellant's assertion that the same judge improperly presided over the preliminary hearing and the trial. Although not raised in his petition of error, appellant explicitly asserts within his brief that we should remand this case because the trial record contains no evidence that the parties consented to having the same judge preside at both the preliminary hearing and at trial. We consider this to adequately raise the issue even though not raised in the routine manner.

Title 22 O.S.1981, § 576, mandates that "[t]he judge who conducts the preliminary examination shall not try the case except with the consent of all parties." We have held that the pivotal question in determining whether the judge properly sat at both hearings is "whether there is *record evidence* to support that all parties consented...." *Jordan v. State,* 763 P.2d 130 (Okl.Cr.1988) (emphasis supplied). Here, the trial record was void of evidence regarding consent. Accordingly, we remanded this cause for an evidentiary hearing regarding whether the parties consented to have the same judge preside over the preliminary hearing and the trial.

The results of the evidentiary hearing were inconclusive. The State introduced an affidavit of appellant's trial counsel which stated that appellant was counseled regarding his right to have a different trial judge and that he did knowingly waive his right to a different judge. However, appellant then took the stand and maintained that he did not consent, but his attorney proceeded regardless of his decision.

After the evidentiary hearing, Judge Hibbs prepared a Court Minute to announce her findings. Therein she stated "After testimony and argument the Court finds that Defendant's *trial counsel* agreed, *off the record,* to allow [Judge Hibbs] to conduct the jury trial in the instant case." (emphasis added).

However, the pertinent statute clearly mandates an affirmative expression of consent. Without record evidence, we can not determine whether appellant did in fact consent.

Section 576 clearly provides that in order for a judge to sit at both the preliminary hearing and the trial, all parties must consent. We have repeatedly stated that a fundamental rule of statutory construction is to view the provision "according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." *State Ex Rel. Hicks v. Freeman,* 795 P.2d 110 (Okl.Cr.1990), *quoting Jordan v. State,* 763 P.2d 130, 131 (Okl.Cr.1988). Because appellant maintains that he did not consent, we must conclude that all parties did not agree to have the same judge preside at both proceedings. It is to prevent conflicts such as that arising in the case at bar, that record evidence of consent is required. We cannot imply consent where the statute requires an affirmative expression of consent. *Jordan* at 131. Since section 576 requires the consent of all parties, in all future cases, the trial court should inform the defendant of his statutory right and secure a response on the record. Accordingly, we are required to REVERSE and REMAND this case for a NEW TRIAL.

LANE, P.J., and BRETT, J., concur.

JOHNSON, J., specially concurs.

LUMPKIN, V.P.J., dissents.

JOHNSON, Judge: specially concurring.

I concur in the court's decision based on the principle of stare decisis. However, since 22 O.S.1981, § 576 requires the consent of all parties, I would further hold that in all future cases, the trial court should inform the defendant of his statutory right and secure a response on the record.

LUMPKIN, Vice–Presiding Judge, dissents.

I must respectfully dissent to the Court's decision in this case.

Appellant raises only one proposition of error: "The trial court erred in failing to instruct the jury on the lesser included offense of illegal entry". The Court sua sponte seeks to not only raise an issue not included in the appeal but resolve the case on that issue which does not rise to fundamental error. At the same time the Court disregards the affidavit of trial counsel (State's Exhibit 1 at the evidentiary hearing) which states that Appellant was counseled regarding his right to have a different trial judge and he did knowingly waive his right to have a different judge, agreeing to have Judge Hibbs conduct the jury trial. The Court also disregards our decision in *Wallace v. State*, 747 P.2d 324 (Okl.Cr.1987). In *Wallace* we addressed a similar issue relating to stipulation of prior convictions by appellant's attorney. We stated "[w]e find *Moore v. State*, 714 P.2d 599, 601 (Okl.Cr.1986), to be determinative of this issue. In *Moore*, the defendant claimed that the record did not state that he personally agreed to the stipulation after an explanation of his rights. He argued that this was essentially the same as a guilty plea, and any waiver must be knowing and intelligent. This Court pointed out that he was present at the time of the stipulation, and could not claim lack of knowledge. Similarly, the Appellant in this case cannot claim lack of knowledge." *Id.* at 325. In addition, the formal arraignment order entered on February 19, 1988, signed by Appellant, had inserted as item 25 that Appellant "waives 10 day notice of trial notice & requested next docket". In order to be placed on the next docket, the record reveals he would have to have Judge Hibbs as trial judge.

The Court's opinion addresses a statutory right contained in 22 O.S.1981, § 576. This right was waived by Appellant, not only at the time of trial, but also by failing to raise the issue in his petition in error and brief on appeal. Waiver alone is sufficient to resolve this sua sponte issue. However, the record and our caselaw reveal it is not an issue at all, much less an issue which should be the basis to reverse a jury trial verdict.