2002 OK CR 22

**Michael J. HOWREY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–2001–820.

Court of Criminal Appeals of Oklahoma.

May 7, 2002.

T. Gene Monroe II, Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa, OK, Attorney for Defendant/Appellant at trial and on appeal.

John Kelson, Asst. District Attorney, Delaware County, Jay, OK, Attorney for the State at trial.

Stacy Morey, Assistant General Counsel, Oklahoma City, OK, Attorney for Oklahoma State Bureau of Investigation at trial.

Seth S. Branham, Asst. Attorney General, Oklahoma City, OK, Attorney for the State on appeal.

### *SUMMARY OPINION*

JOHNSON, Vice–Presiding Judge:

¶ 1 Appellant, Michael J. Howrey, petitioned the District Court of Delaware County to order expungement of law enforcement records relating to Delaware County District Court Case Nos. CF–1993–340 and CM–

1993–1102, pursuant to 22 O.S.Supp.1997, § 18 and 22 O.S.Supp.1999, § 19 (hereafter 22 O.S. §§ 18 and 19). At a hearing held March 7, 2001, the Honorable Alicia Littlefield, Special Judge, denied Appellant's request. This appeal followed.

¶ 2 Appellant raises the following propositions of error:

1. Expungement should have been granted because no charges were filed related to the arrest for "Soliciting a Minor for Sex."

2. Expungement, or amendment, should have been ordered because the records kept by the Oklahoma State Bureau of Investigation are in error.

After thorough consideration of the propositions, and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we **VACATE** the district court's order and **REMAND** for further proceedings.

¶ 3 Appellant was arrested in Delaware County on September 16, 1993. The charges made by the arresting officer (according to the information introduced from Appellant's booking at the jail) were "Indecent Exposure" and "Soliciting a Minor for Sex." The next day, complaints were filed in two separate Delaware County cases, one for the felony charge of Indecent Exposure (21 O.S. 1991, § 1021) (CF–1993–340), and the other for two misdemeanor counts of Obscene, Threatening, or Harassing Telephone Calls (21 O.S.Supp.1993, § 1172) (CM–1993–1102). Appellant ultimately reached a deferred sentencing arrangement with the State, wherein he pled guilty to the charges in exchange for probation terms. Pursuant to 22 O.S.Supp. 1996, § 991c, when Appellant successfully completed his probation, all records of the prosecution in both cases were expunged. However, because expungement of court records under § 991c has no effect on *arrest records* kept by law enforcement agencies,[1] state law enforcement records still showed that Appellant had been arrested in Delaware County in September 1993. More importantly, those records listed one of the charges for which Appellant was arrested as "Soliciting a Minor for Indecent Exposure/Obscene Material"—although the arresting officer's charge was "Soliciting a Minor for Sex," and neither charge was ever filed by the district attorney.

¶ 4 At the expungement hearing, Appellant argued that the arrest records should be expunged because they were inaccurate and misleading. Specifically, Appellant claimed (1) the record of an arrest for "Soliciting a Minor for Indecent Exposure/Obscene Material" should be expunged because no such arrest ever took place; and (2) although he was arrested for "Soliciting a Minor for Sex," any reference thereto should be expunged because no charges were ever filed for that offense. The district court concluded that Appellant's circumstances did not render him eligible to seek expungement under 22 O.S. § 18. The district court's ruling requires this Court to determine (1) whether the circumstances presented entitle Appellant to petition for expungement, and (2) if so, the extent of the district court's authority if it decides that Appellant is entitled to relief.

¶ 5 The right to seek expungement of arrest records is conferred by statute. In 22 O.S. § 18, the Legislature has enumerated the situations in which a person may seek expungement of "criminal records." Although § 18 defines expungement as "the sealing of criminal records," § 19 provides a much more elaborate definition of the district court's powers to restrict access to criminal records. Section 19 also details the procedure to be followed when a person "qualified under Section 18" petitions for expungement.

¶ 6 Appellant's primary complaint (and a fact never contested by the State) is that one of the two charges for which he was initially arrested, "Soliciting a Minor for Sex," was never filed by the district attorney. Appellant contends he is eligible to seek expungement under either of two provisions: 22 O.S. § 18(3), which provides that a person is authorized to seek expungement if he "was arrested and no charges are filed or charges are dismissed within one (1) year of the arrest"; or § 18(4), which provides that a person may seek expungement if "[t]he stat-

---

1. See *State ex rel. Hicks v. Freeman,* 1990 OK CR 45, ¶ 9, 795 P.2d 110, 112.

ute of limitations on the offense had [sic] expired and no charges were filed."

¶ 7 The State argued, and the district court apparently agreed, that because "charges were filed" on *some sort of offense* in relation to Appellant's arrest (and that charge was not dismissed within one year), the fact that he was never charged with a particular offense for which he was arrested is irrelevant, and cannot be grounds for an expungement petition. The State's position below relies on the use of the term "charges [are/were] filed" in § 18(3) and (4). The State apparently construes this term to mean "any charge of any kind," including but not limited to charges for the accusation made on arrest.

¶ 8 The goal of statutory construction is to discern the intent of the Legislature. A statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. *State v. Anderson*, 1998 OK CR 67, ¶ 3, 972 P.2d 32, 33. This Court may also consider the "natural or absurd consequences of any particular interpretation." *Id.*

¶ 9 With these principles in mind, we cannot agree with the district court's construction of 22 O.S. § 18. Six of the nine situations enumerated in § 18 which permit a person to seek expungement of criminal records involve either insufficiency of evidence or prosecutorial inaction.[2] A person may seek expungement if (a) he has been acquitted, (b) his conviction was reversed with instructions to dismiss, or (c) his conviction was

reversed and the charge was subsequently dismissed for any reason. 22 O.S. § 18(1), (2). A person may also seek expungement if (a) he was arrested and "no charges are filed," (b) he was arrested and charges were filed but dismissed within one year of the arrest, or (c) the statute of limitations for the offense has expired and "no charges were filed." 22 O.S. § 18(3), (4).

¶ 10 Reading § 18 as a whole, with the aim of rendering each part harmonious with the others, we believe the term "charges [are/were] filed" as used in § 18(3) and (4) necessarily refers to charges for the accusation made at arrest. Any other construction would lead to anomalous, even absurd, results. The State's construction would place § 18(3) and (4) in conflict with other provisions of the statute which permit expungement after acquittal and reversal of convictions, but which make absolutely no mention of situations where the charge filed differs from the accusation at arrest.[3]

¶ 11 The State's construction would bar persons from seeking expungement even if, in the district attorney's estimation, the accusation at arrest had absolutely no factual basis, and the charge actually filed had no factual relation to the accusation at arrest (*e.g.,* an arrest for first-degree murder, and a subsequent charge of possessing marijuana discovered during book-in at the jail).[4] Indeed, the accusation made at arrest need not even be an offense cognizable in Oklahoma; nevertheless, under the State's construction, the arrestee would be barred from any type of relief.[5]

2. Two of the seven paragraphs of § 18 contain multiple scenarios.

3. It is not clear whether the State reads "charges [are/were] filed" to mean "charges were filed *which themselves resulted in a final conviction or deferred sentence.*" The affected sections, § 18(3) and (4), do not supply this condition. Taken literally, the State's construction of the term "charges [are/were] filed" in these sections would mean that whenever the charge at arrest differs from the charge filed, the former can never be expunged *regardless of the disposition of the prosecution.* For example, § 18(1) permits expungement if the person "has been acquitted." But if the person was arrested for crime X, and charges were filed instead on crime Y and the person was acquitted of crime Y, there has been

no "acquittal" on crime X. Because the person was arrested [for crime X] and "charges were filed" [for crime Y], under the State's view, the arrest for crime X could never be expunged.

4. In this case, the accusation at arrest was a felony, but the offense ultimately charged (Making Obscene, Threatening, or Harassing Telephone Calls) was a misdemeanor.

5. In a related argument, Appellant claims that his arrest record should be expunged because there is no such offense in Oklahoma as "Soliciting a Minor for Sex." We disagree. *See* 21 O.S.Supp.1992, § 1123(A)(1), which punishes lewd proposals for sexual relations made to any child "under sixteen (16) years of age." Appellant's argument does, however, underscore the

¶ 12 Finally, the State's construction would be contrary to the clear legislative purpose of permitting expungement in cases of evidentiary insufficiency and prosecutorial inaction. Section 18 permits expungement when the evidence is sufficient to merit a formal charge and bindover for trial, but is insufficient to sustain a conviction. It even permits expungement where the evidence is clearly sufficient to sustain a conviction, but the case is reversed for trial error and subsequently dismissed for any reason. Yet in the State's view, expungement would never be permitted where the accusation at arrest did not even merit the filing of a criminal complaint for that offense in the first place. We cannot believe the Legislature intended such a strange result.

 ¶ 13 We conclude that under the circumstances presented here, Appellant was statutorily eligible to seek expungement of his arrest record, pursuant to 22 O.S. § 18(3) and (4), to the extent that record reflects arrest for an offense for which no charges were filed. Because Appellant is statutorily eligible to seek expungement under 22 O.S. § 18, prejudice to his privacy interests is presumed.[6] *Hoover v. State,* 2001 OK CR 16, ¶ 6, 29 P.3d 591, 594; *McMahon v. State,* 1998 OK CIV APP 103, 959 P.2d 607, 608. Whether Appellant is entitled to relief is for the district court to determine. In that connection, we note that 22 O.S. § 19 affords the district court broad powers in determining what information is affected, and to whom access is denied. Section 19 permits sealing "all or any part" of the records (except basic identification information), and grants the court authority to selectively limit access to the records as the court may deem appropriate under the circumstances (*e.g.* access by law enforcement *vis a vis* access by private parties). 22 O.S. § 19(A), (C); *Hoover,* 2001 OK CR 16, ¶ 7, 29 P.3d at 595.

## DECISION

¶ 14 The district court's Order Denying Expungement is **VACATED** and the case is **REMANDED** for further proceedings not inconsistent with this opinion.

CHAPEL, and STRUBHAR, JJ., concur.

LUMPKIN, P.J., dissents.

LILE, J., joins in Judge LUMPKIN's dissent.

LUMPKIN, Presiding Judge: Dissents.

¶ 1 I dissent to the Court's decision to vacate the District Court's order denying expungement as I find Appellant was not statutorily eligible to seek expungement of his arrest record.

¶ 2 The record reflects Appellant was initially arrested for Soliciting a Minor for Sex and Indecent Exposure. The District Attorney then reviewed the arrest records and the supporting evidence in order to determine whether criminal charges should be filed. In making that legal decision, the District Attorney determined Solicitation of a Minor was not a criminal offense as set forth in the state criminal statutes. Based upon the evidence, the District Attorney determined the appropriate criminal charge to file was the misdemeanor offense prohibiting the making of obscene, threatening, or harassing phone calls. To this offense, Appellant pled guilty.

¶ 3 Under 22 O.S.Supp.1997, § 18(3) Appellant was not entitled to have his arrest record for Soliciting a Minor for Sex expunged as criminal charges were filed on that offensive conduct. That the appropriate criminal charge for the acts committed by Appellant happened to bear a name different from the accusation made by the arresting officer does not change the fact that a criminal charge was filed for that conduct. The decision as to which provision of the criminal code the crime is to be charged is properly vested in the prosecutor, and not in the

---

absurdity in the State's construction of the applicable law. Under the State's construction, an arrest record could not be expunged even if one of the charges was for an offense that did not exist in our law, regardless of how detrimental such misleading information might be, so long as

the arrestee was convicted or pled guilty to some sort of charge.

6. In addition to the presumption of prejudice, we note that Appellant presented evidence on this point at the expungement hearing.

arresting officer. See *Romano v. State,* 847 P.2d 368, 393 (Okl.Cr.1993); *Dangerfield v. State,* 742 P.2d 573 (Okl.Cr.1987). Here, criminal charges were filed on the conduct comprising the Solicitation of a Minor for Sex offense. Therefore, expungement under § 18(3) was not appropriate.

¶ 4 While Appellant is not entitled to the expungement of his arrest record, he is entitled to have that arrest record corrected to note that the arrest culminated in the prosecution and conviction for Making Obscene, Threatening, or Harrassing Phone Calls.

¶ 5 I am authorized to state that Judge LILE joins in this dissent.