2014 OK CIV APP 80

**Chitra KOHLI, Petitioner/Appellee,**

v.

**OKLAHOMA STATE BUREAU OF INVESTIGATION, Respondent/Appellant,**

**Oklahoma Highway Patrol, Rogers County District Attorney, and Rogers County Sheriff Office, Respondents.**

**No. 111,903.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 20, 2014.

---

Patrick Abitbol, Claremore, Oklahoma, for Appellee.

Carol Furr, Assistant Legal Counsel, Oklahoma State Bureau of Investigation, Oklahoma City, Oklahoma, for Appellant.

LARRY JOPLIN, Presiding Judge.

¶ 1 Respondent/Appellant Oklahoma State Bureau of Investigation (OSBI) seeks review of the trial court's order granting the petition to seal and expunge records of Petitioner/Appellee Chitra Kohli (Petitioner or Defendant). In this appeal, OSBI asserts the Petitioner did not prove entitlement to the expungement under 22 O.S. §§ 18 and 19.

¶ 2 On or about October 17, 2012, a trooper of the Oklahoma Highway Patrol arrested Petitioner on complaints of driving under the influence of liquor or drugs, possession of controlled substance, and speeding. The Rogers County District Attorney declined to pursue the complaint of driving under the influence, but charged Petitioner with the offenses of reckless driving and speeding. On or about March 27, 2013, the trial court subsequently imposed ninety (90) day deferred sentences on both charges.

¶ 3 On or about April 1, 2013, Petitioner filed her Petition to Seal and Expunge Records. Petitioner alleged the district attorney had declined prosecution on the charge of driving under the influence, there existed a danger of adverse consequences to Petitioner's privacy unless the records were sealed, and the adverse consequences to her outweighed any public interest in retaining the records. Petitioner thus prayed the record of her arrest for driving under the influence be sealed pursuant to 22 O.S. §§ 18 and 19.

¶ 4 OSBI entered an appearance and objected. OSBI asserted Petitioner did not qualify for relief under 22 O.S. § 18 because § 18(5) permitted relief only if "no charges of any type, including an offense different than that for which the person was originally arrested are filed," and § 18(9) allowed expungement only if "the charge was dismissed after the successful completion of a deferred sentence . . . and at least ten (10) years have passed since the charge was dismissed."

¶ 5 Petitioner responded. Petitioner argued that § 18 permitted expungement where prosecution was declined, and that a person "not charged for the accusation made at arrest" is eligible to have the arrest record expunged under § 18. *Howrey v. State,* 2002 OK CR 22, ¶¶ 9, 10, 46 P.3d 1282, 1283–1284.

¶ 6 Upon consideration of the parties' arguments after a hearing, the trial court held that, because charges were not filed on the complaints of driving under the influence or possession of controlled drug, the records of Petitioner's arrest for driving under the influence and possession of controlled drug should be sealed and expunged pursuant to 22 O.S. §§ 18 and 19. OSBI appeals.

¶ 7 "An individual's right to seek expungement of criminal records is governed by" § 18, which "provides for expungement of criminal records under certain circumstances." *Holder v. State,* 2009 OK CIV APP 1, ¶ 5, 219 P.3d 562, 564. "Any person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information." 22 O.S. Supp.2011 § 19(A). "Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed." 22 O.S. § 19(C).

■ ¶ 8 "When an individual establishes that one of the § 18 'circumstances is shown to exist, a *prima facie* showing of harm is made.'" *Holder,* 2009 OK CIV APP 1, ¶ 5, 219 P.3d at 564. (Emphasis original.) (Citations omitted.) "With this showing, the bur-

den shifts to the opposing party, in this case OSBI, to prove 'the public interest in keeping the records does not harm privacy interests and serves the ends of justice.'" *Id.* (Citations omitted.) As a matter of statutory construction, we review the trial court's application of § 18 *de novo. Holder,* 2009 OK CIV APP 1, ¶ 4, 219 P.3d at 564.

■ ¶ 9 The OSBI asserted below that Petitioner's plea for expungement was barred by the ten-year provision of § 18(9). Section 18(9) permits expungement where "[t]he person was charged with a nonviolent *felony* offense, as set forth in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a misdemeanor or felony, no misdemeanor or felony charges are pending against the person, and at least ten (10) years have passed since the charge was dismissed." (Emphasis added.) Petitioner was charged with reckless driving and speeding, both misdemeanors. Section 18(9) does not apply.

■ ¶ 10 Petitioner asserted below she was entitled to expungement under § 18(7), which permits expungement if (1) "[t]he person was charged with one or more misdemeanor or felony crimes," (2) "all charges have been dismissed," (3) "the person has never been convicted of a felony," (4) "no misdemeanor or felony charges are pending against the person," and (5) "the prosecuting agency confirms that the charge or charges will not be refiled." In the present case, no charges against Petitioner had been filed and dismissed at the time of hearing on Petitioner's plea for expungement. Section 18(7) does not apply.

¶ 11 In this respect, if Petitioner is entitled to expungement, her right to relief lies under either § 18(5) or § 18(8). Those sections provide:

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

. . .

5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed and the statute of limitations has expired or the prosecuting agency has declined to file charges; [or]

. . .

8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a misdemeanor or felony, no misdemeanor or felony charges are pending against the person, and at least two (2) years have passed since the charge was dismissed;

. . .

22 O.S. Supp.2012 § 18.

¶ 12 In *Howrey,* the Court of Criminal Appeals construed 22 O.S. Supp.1997 § 18(3) and (4) to say:

... A person may ... seek expungement if (a) he was arrested and "no charges are filed," (b) he was arrested and charges were filed but dismissed within one year of the arrest, or (c) the statute of limitations for the offense has expired and "no charges were filed." 22 O.S. § 18(3), (4).... Reading § 18 as a whole, with the aim of rendering each part harmonious with the others, we believe the term "charges [are/were] filed" as used in § 18(3) and (4) necessarily refers to charges for the accusation made at arrest.

2002 OK CR 22, ¶¶ 9, 10, 46 P.3d at 1284. The Legislature has since amended § 18, however, replacing what were 22 O.S. Supp. 1997 §§ 18(3) and (4) with 22 O.S. Supp.2012 § 18(5), effective November 1, 2012.

¶ 13 In this respect, § 18(5) now permits expungement only if (1) "no charges of *any type, including charges for an offense different than that for which the person was originally arrested are filed,*" and (2) "the statute of limitations has expired or the prosecuting agency has declined to file charges." (Emphasis added.) To the extent the Legislature has now specified that expungement will lie under § 18(5) only where "no charges of *any type, including charges for an offense*

*different than that for which the person was originally arrested are filed,"* the Court of Criminal Appeals' construction of § 18 in *Howrey*—to permit expungement where no "charges for the accusation made at arrest" are filed—irreconcilably conflicts with the plain language of § 18(5) as now written, and clearly no longer applies.

¶ 14 That said, § 18(5) as now written permits expungement only if "no charges of any type" are filed, *"including charges for an offense different than that for which the person was originally arrested."* Petitioner was arrested on complaints of driving under the influence of liquor or drugs, possession of controlled substance, and speeding. The district attorney pursued charges for reckless driving and speeding arising out of Petitioner's arrest. Even though the district attorney declined to file the charges for driving under the influence and possession of controlled substances, because the district attorney charged Petitioner with reckless driving and speeding, i.e., "offense[s] different than th[ose] for which [Petitioner] was originally arrested," Petitioner was not entitled to expungement under § 18(5).

¶ 15 Section 18(8) permits expungement if (1) "[t]he person was charged with a misdemeanor," (2) "the charge was dismissed following the successful completion of a deferred judgment," (3) "the person has never been convicted of a misdemeanor or felony," (4) "no misdemeanor or felony charges are pending against the person," and (5) "at least two (2) years have passed since the charge was dismissed." In the present case, the trial court imposed ninety (90) day deferred sentences on the charges of reckless driving and speeding on March 27, 2013. The charges of reckless driving and speeding were subject to dismissal upon completion of the deferral period 90 days later, on or about June 27, 2013. Section 18(8) permits expungement not sooner than two years after that, on or about June 27, 2015. Petitioner is not entitled to expungement under § 18(8) until June 2015.

¶ 16 We therefore hold the trial court erred in granting Petitioner's plea for ex-

pungement. The order of the trial court is REVERSED.

HETHERINGTON, V.C.J., and BUETTNER, J., concur.