2017 OK CR 8

David Paul DUCLOS, Appellant,

v.

The STATE of Oklahoma, Appellee.

Case Number: F–2016–136

Court of Criminal Appeals of Oklahoma.

Decided: 04/11/2017

JOI E. McCLENDON, ATTORNEY AT LAW, 1901 N. CLASSEN, STE 100, OKLAHOMA CITY, OK 73106, COUNSEL FOR DEFENDANT.

SARAH MacNIVEN, APPELLATE DEFENSE COUNSEL, P.O. BOX 926, NORMAN, OK 73070, COUNSEL FOR APPELLANT.

PAUL HESSE, FIRST ASSISTANT DISTRICT ATTORNEY, 303 NORTH CHOCTAW, EL RENO, OK 73036, COUNSEL FOR THE STATE.

E. SCOTT PRUITT, ATTORNEY GENERAL OF OKLAHOMA, THEODORE M. PEEPER, ASSISTANT ATTORNEY GENERAL, 313 N.E. 21ST ST. OKLAHOMA

CITY, OK 73105, COUNSEL FOR THE STATE.

## OPINION

LUMPKIN, PRESIDING JUDGE:

¶1 Appellant, David Paul Duclos, was tried by jury and convicted of Unlawful Communication With Minor By Use of Technology (21 O.S.2011, § 1040.13a) in District Court of Canadian County Case Number CF-2013-623. The jury recommended as punishment imprisonment for eight (8) years and a $ 5,000.00 fine. The trial court sentenced Appellant accordingly. It is from this judgment and sentence that Appellant appeals.

## FACTS

¶2 On October 18, 2013, Appellant communicated through both email and a cellphone text messaging application with an individual whom he believed to be a 14-year-old female. The exchanges communicated Appellant's sexual or prurient interest in the minor. Appellant was unaware that he was actually interacting with Lieutenant Adam Flowers of the Canadian County Sheriff's Department Internet Crimes Against Child Task Force. Ultimately, Appellant arranged a meeting with the minor at the movie theater in El Reno, Oklahoma.

¶3 Appellant parked his Denali on the dark and secluded side of the movie theater. He backed into a parking space and placed a sun visor across the glass of the front windshield. Officer Jason McWhorter of the El Reno Police Department made contact with Appellant inside the theater. When McWhorter identified himself, Appellant declared: "I'm the one." Appellant waived his rights under *Miranda* and voluntarily admitted to Lieutenant Flowers that he had come to the movie theater to meet a 14-year-old girl.[1] Although Appellant claimed that he had not intended to have sex with the minor, a search of Appellant's vehicle revealed a pillow and blanket in the back seat.

¶4 In Proposition One, Appellant contends that his trial was not conducted in accordance with 22 O.S.2011, § 576. He argues that Section 576 disqualified the Honorable Jack D. McCurdy II, Special Judge, from presiding over his trial because Judge McCurdy presided at his preliminary hearing.

¶5 Appellant failed to assert his right to preclude Judge McCurdy from presiding at trial, thus, we find that he has waived appellate review of his claim for all but plain error. *Mitchell v. State*, 2006 OK CR 20, ¶ 86, 136 P.3d 671, 706 (holding defendant waived right to preclude disqualified judge from hearing case by failing to properly pursue claim in trial court); *Welch v. State*, 2000 OK CR 8, ¶ 37, 2 P.3d 356, 372 ("[T]he right to preclude a disqualified judge from trial is a personal privilege which can be waived by the failure to strictly comply with the proper procedure for *See* king the disqualification of the trial judge."). We review Appellant's claim pursuant to the test for plain error set forth in *Simpson v. State*, 1994 OK CR 40, 876 P.2d 690. *Stewart v. State*, 2016 OK CR 9, ¶ 12, 372 P.3d 508, 511. Under this test, an appellant must show an actual error, which is plain or obvious, and which affects his substantial rights. *Simpson*, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d at 694, 699, 701; *Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. *Id.*, 1994 OK CR 40, ¶ 30, 876 P.2d at 701; *Hogan*, 2006 OK CR 19, ¶ 38, 139 P.3d at 923.

¶6 Reviewing the record in the present case we find that Appellant has shown the existence of an actual error. Section 576 provides that: "The judge who conducts the preliminary examination shall not try the case except with the consent of all parties." To effect such a consent the trial court should inform the defendant of this statutory right and secure an affirmative expression of consent from the parties on the record. *Nelson v. State*, 2001 OK CR 4, ¶ 17, 21 P.3d 55, 59; *Doss v. State*, 1992 OK CR 15, ¶ 7, 829 P.2d 45, 46.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

¶7 Judge McCurdy presided over Appellant's preliminary hearing in this case. Although both parties consented to have a special judge preside over the trial, the record is silent as to whether Appellant consented to have the judge that heard his preliminary hearing also preside over his trial.

¶8 The State concedes that this constituted error but argues that the error did not affect Appellant's substantial rights and was harmless. Appellant argues that the error constitutes a structural error which requires reversal regardless of the effect on the outcome of the trial.

¶9 Although this Court has no published authority on point, we have previously decided in two unpublished opinions that a violation of § 576 is not a structural error of constitutional dimension.[2] We find these decisions to be persuasive and conclude that a violation of § 576 does not constitute structural error.[3]

¶10 Structural errors, as opposed to trial errors, affect the conduct of the entire trial and cannot be separated from it for the purpose of analysis. *Robinson v. State*, 2011 OK CR 15, ¶ 3, 255 P.3d 425, 428, "They 'undermine the fairness of a criminal proceeding as a whole.'" *Id.* quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 81, 124 S.Ct. 2333, 2339, 159 L.Ed.2d 157 (2004). They are constitutional deprivations affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991).

¶11 The United States Supreme Court has determined that "most constitutional errors can be harmless." *Id.*, 499 U.S. at 306, 111 S.Ct. at 1263. In fact, "[t]here is a strong presumption that errors which occur during trial are subject to harmless error analysis, as long as a defendant is represented by counsel and is tried by an impartial judge." *Robinson*, 2011 OK CR 15, ¶ 6, 255 P.3d at 428, (*citing Neder v. United States*,

527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).

The United States Supreme Court has restricted use of structural error, with its requirement of automatic reversal, to "a limited class of cases." *Johnson v. United States*, 520 U.S. 461, 468-69, 117 S.Ct. 1544, 1549-50, 137 L.Ed.2d 718 (1997). These errors appear to have in common the violation of a right granted by the Constitution, rather than a violation of due process by failure to afford a right granted by state statute. Among these are a faulty jury instruction on reasonable doubt, *Sullivan v. Louisiana*, 508 U.S. 275, 282, 113 S.Ct. 2078, 2083, 124 L.Ed.2d 182 (1993); intentional racial discrimination in selection of grand jurors, *Vasquez v. Hillery*, 474 U.S. 254, 263-64, 106 S.Ct. 617, 623, 88 L.Ed.2d 598 (1986); denial of the right to a public trial, *Waller v. Georgia*, 467 U.S. 39, 49, 104 S.Ct. 2210, 2217, 81 L.Ed.2d 31 (1984); denial of the right to self-representation, *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 950 n. 8, 79 L.Ed.2d 122 (1984); improper exclusion of qualified capital jurors, *Davis v. Georgia*, 429 U.S. 122, 123, 97 S.Ct. 399, 400, 50 L.Ed.2d 339 (1976) (per curiam); exposure to improper publicity which wholly denies the defendant an impartial jury, *Sheppard v. Maxwell*, 384 U.S. 333, 351-352, 86 S.Ct. 1507, 1516, 16 L.Ed.2d 600 (1966); failure to afford a defendant the right to counsel, *Gideon v. Wainwright*, 372 U.S. 335, 345, 83 S.Ct. 792, 797, 9 L.Ed.2d 799 (1963); and the lack of an impartial trial judge, *Tumey v. Ohio*, 273 U.S. 510, 535, 47 S.Ct. 437, 445, 71 L.Ed. 749 (1927).

*Id.*, 2011 OK CR 15, ¶ 4, 255 P.3d at 428.

¶12 The error in the present case does not fall into any of the limited class of cases which the Supreme Court has determined constitute structural error. A violation of § 576 does not constitute a violation of either the State or Federal Constitutions.

---

**2.** *Denson v. State*, unpub. dispo. Case No. F-2002-0398 (Okl. Cr. April 25, 2003); *Salazar v. State*, unpub. disp. Case No. PC-1998-0633 (Okl. Cr. August 20, 1999).

**3.** We note that "[i]n all instances, an unpublished decision is not binding on this Court." Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017).

Rather, it is a violation of a state statutory provision.

¶13 This Court has previously determined that similar errors are subject to harmless error analysis. In *Phillips v. State*, 1999 OK CR 38, ¶¶ 53-55, 989 P.2d 1017, 1033-34, this Court found that a violation of the prohibition against trial in physical restraints set forth in 22 O.S.1991, § 15 constituted harmless error in the absence of any prejudice.

■ ¶14 Appellant argues that § 576 embodies a rule of protection against judicial bias. However, the prohibition within § 576 is not tantamount to judicial bias or the equivalent of the lack of an impartial trial judge. *See P.C.C. v. State*, 1981 OK CR 45, ¶ 8, 626 P.2d 867, 869 (holding mere fact that judge had heard the evidence once does not show bias or a lack of impartiality).[4] To the contrary, we find that § 576 embodies the State policy of giving the parties the privilege to avoid having the same judge at both preliminary hearing and trial. *See Willis v. State*, 1982 OK CR 134, ¶ 4, 650 P.2d 873, 874 (holding right to preclude disqualified judge from trial is personal privilege which can be waived). This is best evidenced by the fact that the statute, itself, expressly provides that the parties can waive the prohibition. Such a waiver would not be possible if the Legislature intended the provision to guard against judicial bias or partiality. *See Mitchell v. State*, 2006 OK CR 20, ¶ 87, 136 P.3d 671, 706 ("[W]hile a defendant can waive his right to preclude a disqualified judge from hearing his case, that defendant does *not* thereby waive the right to have his trial conducted in a fair and impartial manner."). Since § 576 embodies a state policy, a violation of the statutory provision does not constitute structural error. *See Tumey v. Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 441, 71 L.Ed. 749 (1927) (contrasting state policy with structural error present when judicial officer has direct, personal, substantial interest in case).

¶15 We further note that Appellant has not shown bias or the lack of an impartial trial judge in the present case. In fact, Appellant makes no effort in that regard. Thus, we conclude that Appellant has not overcome the strong presumption that the error is subject to harmless error analysis.

■ ¶16 Having decided that a violation of § 576 is subject to harmless error analysis, we must determine whether the error was harmless in the present case. As the error in this case is the result of the failure to adhere to state law, it is considered harmless unless the error had a substantial influence on the outcome of the case or leaves the Court in grave doubt as to whether it had such an effect. *Stewart*, 2016 OK CR 9, ¶ 27, 372 P.3d at 514; *Taylor v. State*, 2011 OK CR 8, ¶ 54, 248 P.3d 362, 378.

¶17 In this case, no such doubt exists. Appellant makes no effort to show that he was prejudiced in any way by this error. *See Grissom v. State*, 2011 OK CR 3, ¶ 25, 253 P.3d 969, 979 (holding error alone does not reverse convictions in Oklahoma, only error plus injury). He has not shown how the violation of his statutory right to have a different judge preside over his trial affected the jury's determination of guilt or its recommendation of sentence. This Court cannot conclude that the error had a substantial influence on the outcome of the case. Therefore, we find that the trial court's error did not seriously affect the fairness, integrity or public reputation of the judicial proceedings or otherwise represent a miscarriage of justice. *Hogan*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923; *Simpson*, 1994 OK CR 40, ¶¶ 27-30, 876 P.2d at 700-01. Proposition One is denied.

■ ¶18 In Proposition Two, Appellant contends that the trial court erred when it refused to instruct the jury that if convicted he would have to register as a sex offender. In *Reed v. State*, 2016 OK CR 10, 373 P.3d 118, we held that registration pursuant to the Sex Offenders Registration Act is not a salient feature of the law in sex crimes cases upon which trial courts have a duty to instruct. *Id.*, 2016 OK CR 10, ¶ 19, 373 P.3d at 123. Appellant argues that the trial court should have instructed the jury concerning registration because the jury sent out a note asking whether he would have to register as a sex offender. The trial court advised the

---

4. *Salazar v. State*, unpub. disp. Case No. PC-1998-0633 (Okl. Cr. Aug. 20, 1999).

jurors that they had been instructed on the law applicable in the case. As the instructions in the present case accurately stated the applicable law, we find that Appellant has not shown that the trial court abused its discretion. *Harney v. State*, 2011 OK CR 10, ¶ 10, 256 P.3d 1002, 1005. Proposition Two is denied.

¶19 As to Proposition Three, we find that, under all the facts and circumstances of the case, Appellant's sentence is not so excessive as to shock the conscience of the Court. *Rea v. State*, 2001 OK CR 28, ¶ 5, 34 P.3d 148, 149; *Freeman v. State*, 1994 OK CR 37, ¶ 38, 876 P.2d 283, 291. This proposition is denied.

### DECISION

¶20 The Judgment and Sentence of the District Court is hereby **AFFIRMED.** Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2017), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, V.P.J.: Concur

JOHNSON, J.: Concur

SMITH, J.: Concur in Part/Dissent in Part

HUDSON, J.: Concur

SMITH, JUDGE, CONCURRING IN PART, DISSENTING IN PART:

¶1 I disagree with the majority's resolution of Proposition II. I continue to believe that jurors should receive instruction on sex offender registration in appropriate cases. *Reed v. State*, 2016 OK CR 10, ¶ 1, 373 P.3d 118, 124 (Smith, P.J., specially concurring); *Bingley v. State*, F-2013-203 (Okl.Cr. Dec. 19, 2014) (not for publication) (Smith, V.P.J., concurring in part, dissenting in part).

¶2 I also disagree with the majority's plain error analysis in Proposition I. I would use the plain error review this Court discussed in *Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923, and has used in the majority of cases since then. *Stewart v. State*, 2016 OK

CR 9, ¶¶ 1-2, 372 P.3d 508, 515-16 (Johnson, J., and Smith, P.J., concurring in result).