Gerald Winton HARMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–398.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1976.

Rehearing Denied Dec. 16, 1976.

Joseph Lapan, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Judge.

The appellant, Gerald Winton Harman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRM–75–1085, for the crime of False Reporting of a Crime, in violation of 21 O.S.1971, § 589. From a jury sentence fining the defendant Two Hundred Fifty Dollars ($250.00), this timely appeal is presented.

The State's evidence displayed that the First National Bank of Coweta, Oklahoma, was robbed on October 2, 1975, at about 8:00 a. m. On that day, at approximately 1:30 p. m., an anonymous communication was received by the dispatcher at the Tulsa County Sheriff's Department relating that Al Tilkin and Ky Kelly were responsible for the robbery. Additionally, the informant said these parties could be apprehended at 10534 East Pine. This conversation was taped on the department dictaphone system and was later transferred to a cassette tape. Al Tilkin, Ky Kelly and Bill Lasorsa, an Assistant District Attorney in Tulsa County, all identified the voice on the tape as being that of the defendant. A police investigation exonerated Kelly and Tilkin of the bank robbery. Seemingly, the defendant had previously been the general manager of the business owned by Tilkin, but had been released due to allegations that the defendant was collecting commissions on the side. Subsequently, the defendant had attempted to persuade Lasorsa to press criminal fraud charges against Tilkin, but failed.

The defendant denied making the call to the Sheriff's Department, stated the voice on the tape was not his and further, gave an account of his whereabouts on October 2, 1975. Cecil Lee corroborated defendant's testimony which placed the defendant at Lee's Welding Shop for the better part of October 2, 1975. Lee said the defendant had made no telephone calls. A number of character witnesses affirmed the defendant's good community reputation.

The defendant asserts three assignments of error, the first two of which defendant neglects to support with any authority, the third being buttressed with an erroneous citation to the best evidence rule. These omissions alone are enough to require rejection of the defendant's claims as this Court will not search the books for defendant, endeavoring to clothe his naked assertions in authoritative apparel, when no fundamental errors exist. *Battle v. State,* Okl.Cr., 478 P.2d 1005 (1970); *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969). Still, as this seems to be a case of first impression before the court, we choose to handle defendant's contention.

The defendant's first assignment of error disputes the meaning of the word "report." The defendant declares that an oral allegation on tape is insufficient to establish the existence of a report, and that a written statement is necessary. The rejection of this premise is the consequence of analyzing the common usage of "report." Any statement, whether written or oral, which makes known to the proper authorities, some event, or circumstance is a report, within the meaning of 21 O.S.1971, § 589. *People v. Minter,* 135 Cal.App.2d Supp. 838, 287 P.2d 196 (1955). As in Webster's Unabridged Dictionary, (1963) to report is "to announce, or to relate." The defendant continues, that even if an oral communication is a report no violation occurs, as the crime reported actually took place. Such a limited construction of 21 O.S.1971, § 589 excuses the very purpose of the statute, to-wit: discouraging the reporting of baseless allegations which waste the limited resources of crime prevention and investigation. Falsely and knowingly connecting innocent parties to a crime is just such an illegal consumption of limited resources as the law intends to punish.

**1328**

Secondly, the defendant assigns as error the trial court's finding that a telephone call was sufficient to convict under the statute. We have said that a report is a communication which relates events to the proper authorities and we see no reason why such could not be transmitted by telephone. If the defendant is sufficiently connected to this conversation the reporting is established.

The defendant asserts for his third and final assignment of error that the trial court violated the best evidence rule by permitting the State to introduce the cassette tape, a tape recording made from the original recording of the defendant's alleged conversation with a report to Deputy Sheriff Johnson as recorded on the dictaphone system in the Sheriff's Office. Officer Johnson was an experienced operator and made the cassette tape the same afternoon he received the original message. Although defense counsel objected to the introduction of the cassette tape because "it's a tape of a tape", and violates the best evidence rule, he did not challenge its accuracy as a true and faithful reproduction of the original recording.

The trial court did not permit the introduction of the cassette tape until the State had established the further predicate that the original recording yet existed in the Sheriff's Office available if needed, but to play it in the courtroom would require the difficult task of bringing a big, heavy, cumbersome recorder from the Sheriff's Office to the courtroom. Under these facts and circumstances, the best evidence rule was not violated. The accuracy of the re-recording, the cassette tape, was not questioned. See *People* v. *Kageler* (1973) 32 Cal.App.3d 738, 108 Cal.Rptr. 235 and 58 A.L.R.3d 598. The assignment of error is without merit.

For the above and foregoing reasons the judgment and sentence appealed from is *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.