**Dane Timothy CLANTON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–83–559.**

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1985.

As Corrected on Denial of
Rehearing Jan. 27, 1986.

Joe Farnan, Ballard & Farnan, Purcell, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Dane Timothy Clanton, was convicted of Aggravated Assault and Battery in the District Court of Grady County, Case No. CRF-83-16. He was sentenced to a term of one (1) year in the county jail and a fine of $500.00 dollars and appeals. We affirm.

At approximately 1:30 a.m. on the morning of January 19, 1983, the appellant shot and critically wounded George Dewayne Phillips, leaving him for dead. The shooting took place in a secluded area on a service road east of Chickasha in Grady County.

Testimony at trial revealed that the shooting incident arose out of alleged altercations involving the victim and appellant, as well as their families, two days prior to the shooting.

Appellant makes five assignments of error. In appellant's first, second and third assignments of error, he alleges improprieties concerning the admission of evidence of other crimes; specifically, an alleged theft of Quaaludes from George Phillips. In his first allegation, appellant asserts that the trial court abused its discretion in allowing the State leave to amend its defective *Burks* notice on the day of the trial.

The defective notice stated "that the Defendant was in possession of a controlled dangerous substance (Quaaludes) purchased from the victim in this case, without prescription." (OR-3). The trial court ruled this notice was insufficient to meet the *Burks* notice requirement, but because of the actual notice of the transaction in question and the testimony concerning the sale of Quaaludes to appellant at preliminary hearing, the State would be able to amend its notice so as to have the particularities of an indictment or information. *See Burks v. State,* 594 P.2d 771, 774 (Okl. Cr.1979).

■ The purpose of the State's duty to give notice to the appellant of its intention to introduce evidence of other crimes at trial is to insure against surprise on the part of the defense, and to allow time for the defense to be heard prior to the information being placed before the jury. *Scott v. State,* 663 P.2d 17, 19 (Okl.Cr.1983). However, under the circumstances of this case, this Court is convinced the evidence did not surprise the appellant. The theft of the Quaaludes from George Phillips by the appellant two days prior to the shooting motivated the ensuing events of this transaction, which culminated in the appellant's attempting to take the life of Phillips. *See Scott v. State, supra.* Since appellant has failed to demonstrate any prejudice from his first two assignments, the propositions are without merit.

In his third assignment of error, appellant asserts that questioning by the trial court regarding the theft of the Quaaludes

was improper and prejudicial. Appellant also alleges he attempted to perfect a timely objection to the judge's questioning, but was told to sit down.

THE COURT: Mr. Phillips, did I understand you to say that you—let me back up. This whole thing was involving, as you say, one hundred Quaaludes, and this man over here was supposed to have gotten from you and didn't pay you for?

THE WITNESS: Yes.

THE COURT: And where did you get the Quaaludes?

THE WITNESS: Dane and I had stolen them.

THE COURT: Anybody else have any questions?

MS. BENSON: No, your Honor.

THE COURT: Where did you all steal them?

THE WITNESS: From another kid that I did not know him, Dane knew him.

THE COURT: Anybody else have any questions? Just have a seat, please, I'm not through. Anybody have any questions please?

MS. BENSON: No, Your Honor.

MR. FARNAN: I don't have any questions, your Honor.

■ Review of the entire record concerning this proposition reveals that the trial judge was telling the witness, Mr. Philips, to keep his seat in the witness stand because he was not finished with the questioning. The record also reflects that the defense counsel was afforded two opportunities to ask questions or object in a timely manner before the witness was released and the jury instructed. Appellant waited until after the jury was instructed to make his objection and to move for a mistrial. The objection was not timely made, and therefore, this proposition is without merit.

In his fourth assignment of error, appellant alleges his motion for a mistrial should have been granted because the trial court gave an "Allen" instruction to a different jury while in the presence of the jury that subsequently tried appellant. This proposition of error is not supported by any relevant authority. Rule 3.5, subdivision C, of the Court of Criminal Appeals, 22 O.S. Supp.1981, ch. 18 App. provides that both parties on appeal must provide authority relied upon in support of each point raised. Therefore, this allegation is without merit. *See Dick v. State*, 596 P.2d 1265 (Okl.Cr. 1979). *See also Harman v. State*, 556 P.2d 1326 (Okl.Cr.1976).

■ Finally, in his fifth assignment of error, appellant contends his sentence is excessive, and the admission of other crimes evidence requires at least modification of the punishment. This Court notes at the outset that appellant was tried for the offense of Shooting with Intent to Kill, a felony under Oklahoma law that carries, as a maximum penalty, life imprisonment in the state penitentiary. *See* 21 O.S. 1981, § 652. Instead, appellant was convicted of the lesser included offense of Aggravated Assault and Battery, a misdemeanor. *See* 21 O.S. 1981, § 646. It is also apparent that the admission of evidence of other crimes did not prejudice the jury in light of the offense the appellant was convicted of and the sentence imposed, as compared to the grievous bodily harm inflicted upon the shooting victim. It has been long held by this Court that the issue of excessive punishment must be examined by a study of all the facts and circumstances in each case, and that this Court will not modify a sentence unless, under all the facts and circumstances, the sentence is so excessive as to shock the conscience of this Court. *Dilworth v. State*, 611 P.2d 256, 261–62 (Okl. Cr.1980); *Baldwin v. State*, 596 P.2d 1269, 1270 (Okl.Cr.1979). Considering the violent nature and the harm of appellant's acts, we cannot find that a sentence of one year in the county jail and a $500 fine shock the conscience of this Court.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.