**Joe Wayne BRISON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-688.**

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1986.

Thomas Purcell, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Joe Wayne Brison, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF-83-3078, for the offense of Manslaughter in the First Degree. His punishment was fixed at a term of five (5) years imprisonment. We reverse.

The appellant and a companion, Steve Cleveland, arrived at a tavern in the early morning hours of August 27, 1983. Mr. Cleveland entered the tavern, while the appellant remained in the parking lot standing near his vehicle. The appellant later attempted to enter the tavern, in order to hurry Mr. Cleveland. The appellant was asked to leave his handgun, which was lodged in his belt, with the doorman before entering the tavern. Immediately after entering the tavern, the appellant decided to leave and wait for Mr. Cleveland in the parking lot. Upon exiting the tavern, the appellant retrieved his weapon at the door.

While approaching his vehicle, the appellant was accosted by the decedent, Ms. Paula Banks, who broke a bottle and slashed the appellant's face with the remnants of the bottle. The following facts were controverted at trial. State's witnesses testified that the appellant immediately chased after the decedent. The appellant allegedly fired two shots in the decedent's direction. The decedent turned and began running toward a local residence. The appellant fired two additional shots. One of the shots delivered a fatal wound to the decedent's back.

The appellant and Mr. Cleveland both testified that the decedent charged at him yelling that she would kill him. Thereafter, the appellant shot the decedent, delivering the fatal blow. The appellant testified that he fired out of fear and was hazy due to a loss of blood.

The State Medical Examiner testified that the decedent had received two wounds—one to her leg and one to her back. The examiner testified that the wound to her back was fatal. The examiner also testified that the decedent's blood alcohol content was .23 percent. No tests for the presence of drugs were performed.

The appellant raises two assignments of error before this Court. However, since his first assignment of error has merit, we dispose of the case on this ground alone. In his first assignment of error, the appellant contends that the trial court erred by permitting evidence of prior convictions for impeachment purposes which denied him the fair opportunity to defend against the charges brought by the State. Specifically, the appellant asserts that the court erred by permitting the prosecution to cross-examine Mr. Cleveland and the appellant about prior convictions, which were more than ten years old, for impeachment purposes. We agree.

### A.

Under Oklahoma statute, evidence of prior convictions, which are more than ten years old, are not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect" *and* "the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." 12 O.S. 1981, § 2609(B). The ten year period is measured either from the date of conviction or the date of the release of the witness from the confinement imposed for the said conviction. *Id.*

In the instant case, the prosecution elicited from the appellant, on cross-examination, information about a conviction which occurred in 1968. No testimony was elicited with regard to the date of release of confinement. The defense vehemently objected to such questioning. The trial judge allowed the admission of such testimony. Furthermore, the appellant was not provided with the requisite notice prior to such questioning, set forth in 12 O.S. 1981, § 2609(B). Such tactics were clearly improper and resulted in error.

### B.

■ The prosecution also elicited testimony of prior convictions from defense witness Cleveland. Many of these convictions also were older than ten years. Once again, the statutory notice, required by 12 O.S. 1981, § 2609(B), was not provided. Even though the defense did not object to such questioning, this Court does not condone such prosecutorial misconduct. An experienced prosecutor should be aware of the proscriptions of this statute. This Court has stated that we do "not condone a prosecutor's attempt to submit into evidence testimony which is clearly inadmissible, regardless of the competency of the defense counsel. 'The prosecutor is both an administrator of justice and an advocate.... The duty of the prosecutor is to seek justice, not merely to convict.' " *Collis v. State*, 685 P.2d 975, 978 (Okl.Cr.1984). Moreover, this Court has also stated:

> Surely, the prosecutor was aware that [s]he was approaching a forbidden line and surely [s]he was aware of the consequences of erroneously crossing it. Criminal trials are had only at great expense to the State and to the participants, both in time and in money. The public is infuriated when "criminals are set free on a technicality." Reversal of convictions because of bad faith errors by the prosecutor breeds discontent with the judicial system and disrespect for the law.

*Smith v. State*, 581 P.2d 467, 474 (Okl.Cr. 1978).

Such testimony, elicited by the prosecutor, from both the appellant and Mr. Cleveland, was highly prejudicial and denied the appellant of his right to a fair trial. Therefore, the appellant is entitled to a new trial. *Pierce v. State*, 358 P.2d 647 (Okl.Cr.1961).

The judgment and sentence of the District Court is REVERSED, and the cause is hereby REMANDED for a new trial consistent with this opinion.

BRETT, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

I must respectfully dissent to the reversal of appellant's conviction for two reasons. First, when the State introduced prior convictions to impeach Mr. Cleveland's credibility, defense counsel failed to object; therefore, this assignment was waived. *Boyd v. State*, 572 P.2d 276 (Okl.Cr.1977). Second, when the State asked appellant during cross-examination if he had been convicted of soliciting for immoral purposes, defense counsel immediately objected, and the trial court instructed the prosecutor to refrain from inquiring about convictions more than ten (10) years old. In light of the overwhelming evidence of guilt and the sentence imposed, I am of the opinion that the error was harmless beyond a reasonable doubt. *See Rushing v. State*, 676 P.2d 842 (Okl.Cr.1984).

Finding no error warranting reversal or modification, I would affirm the judgment and sentence.