Dennis Dean REEVES & Orvel Monroe Reeves, Appellant

v.

STATE of Oklahoma, Appellee.

No. F–85–388.

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1987.

As Corrected Sept. 2, 1987.

Johnie O'Neal, Asst. Public Defender's Office, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. Leblanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Dennis Dean Reeves and Orvel Monroe Reeves, were convicted in the District Court of Tulsa County, in Case No. CRF-84-2915 of Robbery with a Dangerous Weapon and Kidnapping. They each received sentences of fifteen years, and ten years, respectively. From their judgments and sentences, they appeal.

On the evening of August 8, 1984, the appellants, Dennis and Orvel, entered a Circle K convenience store in Tulsa on three separate occasions. On the first occasion, both appellants entered the store, made a purchase, and left. Minutes later, Orvel entered the store alone, and requested use of the restroom. He appeared upset when the cashier explained it was against regulations to allow him to do so. Subsequently he left. Shortly thereafter, appellants returned a third time. While Orvel waited in the car, Dennis entered the store, pulled a knife on the cashier, and demanded the "green stuff", whereupon she handed him money from the cash register. He then grabbed the victim's arm and requested her to act as if they were boyfriend and girlfriend as he led her to the car. The appellants then made the victim sit in the back seat of the car with Dennis, who was still holding the knife. At that time, Orvel drove the car out of the parking lot. Officer Woodward, of the Tulsa Police Depart-ment, patrolled the area, and had observed the appellants drive up, enter the store, grab the victim by the arm, lead her out of the store, and leave the premises. Believing it uncommon for the victim to leave the store unattended, Woodward followed the car and subsequently stopped it. He requested Orvel to get out of the car, removed the victim from the car, and observed that she was very frightened. Dennis was removed from the car when the backup unit arrived. Police officials further removed a knife from under the driver's seat of the car, as well as a roll of twenty one dollar bills, two five dollar bills, and a ten dollar bill, from Dennis' front pocket.

■ In their first assignment of error, the appellants contend that insufficient evidence existed to support the charges alleged in the information. This assignment is without merit. In *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985), this Court adopted the standard for sufficiency of the evidence that was set out in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979) which is: "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." We find that sufficient evidence was presented from which the jury could reasonably find the appellants guilty of the crimes charged. Having previously determined evidence sufficient to sustain the convictions of both appellants, we dispose of the alleged error that there was insufficient evidence to indicate that appellant Orvel was a principal in the commission.

■ In their final assignment of error, the appellants contend that the sentences imposed by the trial court were excessive. In light of the overwhelming evidence of guilt against both appellants, we cannot say that the sentences are so excessive as to shock the conscience of this Court. *Clanton v. State*, 711 P.2d 937 (Okl.Cr. 1985). The sentences are well within the

range provided by statute, therefore, this assignment is without merit.

BRETT, P.J., and PARKS, J., concur.