OSCN Found Document:STATE V. ALVARADO

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE V. ALVARADO
2024 OK CR 23
Case Number: S-2023-837
Decided: 08/22/2024
THE STATE OF OKLAHOMA, Appellant v. ANTHONY RAY ALVARADO, Appellee

Cite as: 2024 OK CR 23, __ __

 

OPINION
LEWIS, JUDGE:
¶1 The State of Oklahoma, Appellant, presents a question of law reserved for appeal under the authority of 22 O.S.Supp.2022, § 1053(3). The State charged Appellee by information with Count 1, conspiracy to commit larceny by false pretenses, in violation of 21 O.S.Supp.2018, § 421, and Count 2, obtaining money by false pretenses, in violation of 21 O.S.2011, § 1541.2, both after former conviction of two or more felonies, in the District Court of Comanche County, Case No. CF-2019-513. The court granted Appellee's demurrer to Count 2. The jury acquitted Appellee of Count 1. The State in its appeal seeks to clarify whether a supplemental information alleging prior felony convictions gave the advance written notice required for impeaching the defendant's testimony with stale felony convictions under 12 O.S.2011, § 2609(B).[1] We answer the legal question presented applying de novo review. State v. Davis, 2011 OK CR 22, ¶ 5, 260 P.3d 194, 195.
FACTS
¶2 The State's initial information charged Appellee with two felonies and included a second page that alleged five former felony convictions for enhancement of punishment. The State's amended and supplemental informations supplied further details including the respective offenses and sentences imposed, the dates and case numbers, the fact of representation by counsel, and finality of the convictions.
¶3 When Appellee objected to the use of his prior convictions to impeach his credibility in the first stage of trial, the State maintained that the original and supplemental informations gave sufficient notice of the stale prior convictions to comply with section 2609(B). The trial court, following Croney v. State, 1987 OK CR 274, ¶ 101, 748 P.2d 34, 37, disagreed, reasoning that:
in that particular case [defendant] was charged after prior felony convictions and . . . despite being charged AFC, you additionally have to provide notice in the event that the convictions relied upon are more than ten years old . . . [The defendant] will be subject to impeachment with any convictions within ten years old.
¶4 The trial court thus initially ruled the 2005 conviction was admissible to impeach Appellee if he took the stand; and that four of the convictions, one from 1994 and three from 2001, were more than ten years old, and thus inadmissible under section 2609(B). The following day, the court ruled that the 2005 conviction was also more than ten years old, and because of the lack of advance written notice required by section 2609(B), none of the convictions were admissible as impeachment.

ANALYSIS
¶5 The State seeks clarification of the notice requirement of section 2609(B) in light of Croney and subsequent law. Croney was tried by jury, convicted of arson after former conviction of two or more felonies, and sentenced to forty years imprisonment. On appeal, he argued that his former convictions were improperly admitted to impeach his testimony. Croney, 1987 OK CR 274, ¶¶ 1-5, 748 P.2d at 35.
¶6 No evidence directly linked Croney to the fire. He and three family members testified he was en route from Tulsa to Branson, Missouri at the time of the fire near Okmulgee. This Court found the verdict hinged on credibility. The defendant's testimony was impeached with previous felony convictions, including one (possession of a stolen credit card) from the ten years before trial and three "stale" convictions (for burglary, theft, and escape) that were older than ten years as calculated under section 2609(B). Croney, 1987 OK CR 274, ¶¶ 3-5, 748 P.2d at 35.
¶7 This Court reversed, holding the impeachment violated section 2609(B) and was not harmless because of the damage to defendant's credibility. The Court identified three errors: the lack of advance written notice of the State's intent to use stale convictions; the State's failure to show that the probative value of stale convictions substantially outweighed prejudicial effect; and the trial court's failure to balance probative value against prejudice and state specific facts and circumstances supporting its admission of the evidence. Croney, 1987 OK CR 274, ¶ 7, 748 P.2d at 36.
¶8 In Croney, the prosecution gave the defendant "no advance written notice" that the stale convictions "would be used for impeachment purposes." Id. 1987 OK CR 274, ¶ 9, 748 P.2d at 36-37 (emphasis added). This Court held, however, that "by the clear wording of the statute," advance written notice was an essential predicate to the use of stale convictions for impeachment. Id. 1987 OK CR 274, ¶ 10, 748 P.2d at 37.[2] 
¶9 The Court in Croney also rejected the State's argument that the in camera hearing on defendant's objection just before the proposed offer of impeachment evidence was all the notice required under section 2609(B). The Court found this contention "flies in the face of the statute" and would permit the very conduct--impeachment by ambush--that the statute was intended to prevent. Id.
¶10 We continue to hold that advance written notice stating a party's intent to use stale convictions for impeachment is required by section 2609(B). After the enactment of the Oklahoma Criminal Discovery Code, upon a timely request by the defense, the State may readily give the advance written notice required under section 2609(B) when it provides the required discovery of all prior convictions of a defendant, co-defendant, and other listed witnesses at least ten days before trial or as otherwise directed by the court. See 22 O.S.2021, § 2002 (A)(1)(e, f, g), (D).
¶11 The Court in Croney went too far, however, in stating that the absence of advance written notice is invariably "fatal" to a proffer of impeachment by stale convictions under section 2609(B). Croney, 1987 OK CR 274, ¶ 10, 748 P.2d at 37. The right to notice is for the benefit of the affected party and subject to waiver in various ways, including by agreement, by conduct inconsistent with exercise of the right, or by the failure to demand the right in seasonable time. See Application of Poston, 1955 OK CR 39, ¶¶ 23-24, 281 P.2d 776, 783 (holding that a party may generally waive any right given by statute or Constitution).
¶12 Further, where the affected party has actual notice of the opponent's intent to impeach with specific convictions already known to the party, the purpose of statutory notice is fulfilled. The lack of advance written notice in such a case should neither bar evidence at trial that satisfies the other criteria for admissibility under section 2609(B), nor provide a later basis for reversal on appeal. See Clanton v. State, 1985 OK CR 160, ¶¶ 4-6, 711 P.2d 937, 938 (insufficient notice of intent to offer other crimes evidence was not prejudicial; purpose of notice was to prevent unfair surprise and defendant had actual notice of alleged other crimes).
¶13 We answer the reserved question by holding that the allegation of certain former felony convictions in a second page or supplemental information for enhancement of punishment--though obviously conveying some notice to the defendant of the risk of impeachment with prior convictions--is not a sufficient advance written notice of intent to offer impeachment to satisfy either the distinct policy goals or the specific evidentiary requirements of section 2609(B) of Title 12.

DECISION
¶14 RESERVED QUESTION ANSWERED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

APPEAL FROM THE DISTRICT COURT OF COMANCHE COUNTY
THE HONORABLE SCOTT D. MEADERS, DISTRICT JUDGE

APPEARANCES AT TRIAL
DANIEL M. DELLUOMO
607 S.W. C AVE.
LAWTON, OK 73501
ATTORNEY FOR DEFENDANT
KYLE CABELKA
DISTRICT ATTORNEY
JOHN ROOSE
ASST. DISTRICT ATTORNEY
315 S.W. 5TH STREET, #502
LAWTON, OK 73501
ATTORNEYS FOR STATE

APPEARANCES ON APPEAL
KYLE CABELKA
DISTRICT ATTORNEY
JOHN ROOSE
ASST. DISTRICT ATTORNEY
315 S.W. 5TH STREET, #502
LAWTON, OK 73501
ATTORNEYS FOR APPELLANT
NO APPEARANCE BY APPELLEE

 
OPINION BY: LEWIS, J.
ROWLAND, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LUMPKIN, J.: Specially Concur
HUDSON, J.: Specially Concur

FOOTNOTES
[1] 12 O.S.2021, § 2609(B) provides that a conviction is not admissible to impeach a witness if more than ten years have elapsed since either the date of the conviction or release from confinement, whichever is later, to the date of the witness's testimony. With exceptions not relevant here, the court can admit this evidence if it determines that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. The statutory language giving rise to this controversy is the rule that the proponent of such evidence must generally provide "advance written notice" of the intent to offer it to provide the affected party a fair opportunity to contest the use of such evidence.
[2] See also Rushing v. State, 1984 OK CR 39, ¶¶ 57-60, 676 P.2d 842, 852-53 (holding admission of stale conviction to impeach defense witness without prior notice and proper findings was error, but harmless); Brison v. State, 1986 OK CR 183, ¶¶ 8-10, 730 P.2d 537, 538-39 (impeachment by stale convictions without proper notice and findings was reversible error).

HUDSON, J., SPECIALLY CONCURRING:
¶1 Title 12 O.S.2011, § 2609(B) sets forth the general requirements for using a stale conviction to impeach a witness's credibility.[1] Section 2609(B) gives the trial court discretion to admit evidence of a stale conviction upon a determination "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." To qualify for admission, however, the party proponent must give the adverse party "sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence . . . unless, during the ten-year period, the witness has been convicted of a subsequent crime which is a misdemeanor involving moral turpitude or a felony." Id.
¶2 Today's decision is consistent with the plain language of the statute and our prior case law. We have recognized that Section 2609(B) allows for the use of stale convictions for impeachment, under exceptional circumstances, where the evidence bears on the witness's credibility. See Croney v. Sate, 1987 OK CR 274, ¶¶ 8-10, 13, 748 P.2d 34, 36-37. The notice requirement is part of the rule's effort to provide the adverse party a fair opportunity to challenge the admission of this potentially damaging impeachment evidence. Despite the exacting nature of the notice requirement, we have nonetheless applied harmless error review where the trial court failed to make the required findings, and where the State failed to comply with the notice requirements. Gourley v. State, 1989 OK CR 28, ¶ 7, 777 P.2d 1345, 1349; Rushing v. State, 1984 OK CR 39, ¶ 60, 676 P.2d 842, 853.[2] Today's decision strikes an appropriate balance between Section 2609(B)'s adherence to the advanced written notice requirement, and our acknowledgment in case law that strict compliance with the rule is not per se reversible error.
¶3 Based upon the foregoing, I specially concur in today's decision. I am authorized to state that Judge Lumpkin joins this specially concurring writing.

FOOTNOTES
[1] A "stale" conviction is defined in Section 2609(B) as one in which "a period of more than ten (10) years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is later." Section 2609(B) does not apply in criminal sexual offense cases involving a child where the defendant takes the stand and has a prior conviction for a sexual offense involving a child.
[2] Gourley and Rushing both applied the harmless error standard for constitutional errors from Chapman v. California, 386 U.S. 18 (1967). More recent authority, however, makes clear that a less onerous harmless error standard applies to the review on appeal of violations of state rules of evidence. See Perez v. State, 2023 OK CR 1, ¶ 11, 525 P.3d 46, 50 ("Because this error is the result of the failure to adhere to state law, 'it is considered harmless unless the error had a substantial influence on the outcome of the case or leaves the Court in grave doubt as to whether it had such an effect.'" (quoting Duclos v. State, 2017 OK CR 8, ¶ 16, 400 P.3d 781, 785)); Simpson v. State, 1994 OK CR 40, ¶ 36, 876 P.2d 690, 702. See also 20 O.S.2021, § 3001.1.
 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1987 OK CR 274, 748 P.2d 34, 
CRONEY v. STATE
Discussed at Length

 
1989 OK CR 28, 777 P.2d 1345, 
GOURLEY v. STATE
Discussed

 
1994 OK CR 40, 876 P.2d 690, 
SIMPSON v. STATE
Discussed

 
2011 OK CR 22, 260 P.3d 194, 
STATE v. DAVIS
Discussed

 
2017 OK CR 8, 400 P.3d 781, 
DUCLOS v. STATE
Discussed

 
2023 OK CR 1, 525 P.3d 46, 
PEREZ v. STATE
Discussed

 
1955 OK CR 39, 281 P.2d 776, 
APPLICATION OF POSTON
Discussed

 
1984 OK CR 39, 676 P.2d 842, 
RUSHING v. STATE
Discussed at Length

 
1985 OK CR 160, 711 P.2d 937, 
CLANTON v. STATE
Discussed

 
1986 OK CR 183, 730 P.2d 537, 
BRISON v. STATE
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2609, 
Impeachment by Evidence of Conviction of Crime
Discussed at Length

Title 20. Courts

 
Cite
Name
Level

 
20 O.S. 3001.1, 
Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 421, 
Conspiracy - Definition - Punishment
Cited

 
21 O.S. 1541.2, 
Penalty - Value of Property, Money, or Valuable Thing
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 1053, 
State or Municipality May Appeal in What Cases
Cited

 
22 O.S. 2002, 
Disclosure of Evidence by State and Defendant - Duty of Disclosure - Time of Discovery - Regulation - Cost of Copying, etc.
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA