STATE V. ALVARADO
2024 OK CR 23
Case Number: S-2023-837
Decided: 08/22/2024
THE STATE OF OKLAHOMA, Appellant v. ANTHONY RAY ALVARADO, Appellee
Cite as: 2024 OK CR 23, __ __

 

 

OPINION

LEWIS, JUDGE:

¶1 The State of Oklahoma, Appellant, presents a question of law reserved for appeal under the authority of 22 O.S.Supp.2022, § 105321 O.S.Supp.2018, § 42121 O.S.2011, § 1541.212 O.S.2011, § 2609de novo review. State v. Davis, 2011 OK CR 22260 P.3d 194

FACTS

¶2 The State's initial information charged Appellee with two felonies and included a second page that alleged five former felony convictions for enhancement of punishment. The State's amended and supplemental informations supplied further details including the respective offenses and sentences imposed, the dates and case numbers, the fact of representation by counsel, and finality of the convictions.

¶3 When Appellee objected to the use of his prior convictions to impeach his credibility in the first stage of trial, the State maintained that the original and supplemental informations gave sufficient notice of the stale prior convictions to comply with section 2609(B). The trial court, following Croney v. State, 1987 OK CR 274748 P.2d 34

in that particular case [defendant] was charged after prior felony convictions and . . . despite being charged AFC, you additionally have to provide notice in the event that the convictions relied upon are more than ten years old . . . [The defendant] will be subject to impeachment with any convictions within ten years old.

¶4 The trial court thus initially ruled the 2005 conviction was admissible to impeach Appellee if he took the stand; and that four of the convictions, one from 1994 and three from 2001, were more than ten years old, and thus inadmissible under section 2609(B). The following day, the court ruled that the 2005 conviction was also more than ten years old, and because of the lack of advance written notice required by section 2609(B), none of the convictions were admissible as impeachment.

ANALYSIS

¶5 The State seeks clarification of the notice requirement of section 2609(B) in light of Croney and subsequent law. Croney was tried by jury, convicted of arson after former conviction of two or more felonies, and sentenced to forty years imprisonment. On appeal, he argued that his former convictions were improperly admitted to impeach his testimony. Croney, 1987 OK CR 274

¶6 No evidence directly linked Croney to the fire. He and three family members testified he was en route from Tulsa to Branson, Missouri at the time of the fire near Okmulgee. This Court found the verdict hinged on credibility. The defendant's testimony was impeached with previous felony convictions, including one (possession of a stolen credit card) from the ten years before trial and three "stale" convictions (for burglary, theft, and escape) that were older than ten years as calculated under section 2609(B). Croney, 1987 OK CR 274

¶7 This Court reversed, holding the impeachment violated section 2609(B) and was not harmless because of the damage to defendant's credibility. The Court identified three errors: the lack of advance written notice of the State's intent to use stale convictions; the State's failure to show that the probative value of stale convictions substantially outweighed prejudicial effect; and the trial court's failure to balance probative value against prejudice and state specific facts and circumstances supporting its admission of the evidence. Croney, 1987 OK CR 274

¶8 In Croney, the prosecution gave the defendant "no advance written notice" that the stale convictions "would be used for impeachment purposes." Id. 1987 OK CR 274Id. 1987 OK CR 274

¶9 The Court in Croney also rejected the State's argument that the in camera hearing on defendant's objection just before the proposed offer of impeachment evidence was all the notice required under section 2609(B). The Court found this contention "flies in the face of the statute" and would permit the very conduct--impeachment by ambush--that the statute was intended to prevent. Id.

¶10 We continue to hold that advance written notice stating a party's intent to use stale convictions for impeachment is required by section 2609(B). After the enactment of the Oklahoma Criminal Discovery Code, upon a timely request by the defense, the State may readily give the advance written notice required under section 2609(B) when it provides the required discovery of all prior convictions of a defendant, co-defendant, and other listed witnesses at least ten days before trial or as otherwise directed by the court. See 22 O.S.2021, § 2002

¶11 The Court in Croney went too far, however, in stating that the absence of advance written notice is invariably "fatal" to a proffer of impeachment by stale convictions under section 2609(B). Croney, 1987 OK CR 274See Application of Poston, 1955 OK CR 39281 P.2d 776

¶12 Further, where the affected party has actual notice of the opponent's intent to impeach with specific convictions already known to the party, the purpose of statutory notice is fulfilled. The lack of advance written notice in such a case should neither bar evidence at trial that satisfies the other criteria for admissibility under section 2609(B), nor provide a later basis for reversal on appeal. See Clanton v. State, 1985 OK CR 160711 P.2d 937

¶13 We answer the reserved question by holding that the allegation of certain former felony convictions in a second page or supplemental information for enhancement of punishment--though obviously conveying some notice to the defendant of the risk of impeachment with prior convictions--is not a sufficient advance written notice of intent to offer impeachment to satisfy either the distinct policy goals or the specific evidentiary requirements of section 2609(B) of Title 12.

DECISION

¶14 RESERVED QUESTION ANSWERED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

APPEAL FROM THE DISTRICT COURT OF COMANCHE COUNTY
THE HONORABLE SCOTT D. MEADERS, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 DANIEL M. DELLUOMO
 607 S.W. C AVE.
 LAWTON, OK 73501
 ATTORNEY FOR DEFENDANT

 
 KYLE CABELKA
 DISTRICT ATTORNEY
 JOHN ROOSE
 ASST. DISTRICT ATTORNEY
 315 S.W. 5TH STREET, #502
 LAWTON, OK 73501
 ATTORNEYS FOR STATE
 
 
 APPEARANCES ON APPEAL

 KYLE CABELKA
 DISTRICT ATTORNEY
 JOHN ROOSE
 ASST. DISTRICT ATTORNEY
 315 S.W. 5TH STREET, #502
 LAWTON, OK 73501
 ATTORNEYS FOR APPELLANT

 NO APPEARANCE BY APPELLEE
 
 
 

 

OPINION BY: LEWIS, J.
ROWLAND, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LUMPKIN, J.: Specially Concur
HUDSON, J.: Specially Concur

FOOTNOTES

12 O.S.2021, § 2609

See also Rushing v. State, 1984 OK CR 39676 P.2d 842Brison v. State, 1986 OK CR 183730 P.2d 537

 

 

HUDSON, J., SPECIALLY CONCURRING:

¶1 Title 12 O.S.2011, § 2609Id.

¶2 Today's decision is consistent with the plain language of the statute and our prior case law. We have recognized that Section 2609(B) allows for the use of stale convictions for impeachment, under exceptional circumstances, where the evidence bears on the witness's credibility. See Croney v. Sate, 1987 OK CR 274748 P.2d 34Gourley v. State, 1989 OK CR 28777 P.2d 1345Rushing v. State, 1984 OK CR 39676 P.2d 842per se reversible error.

¶3 Based upon the foregoing, I specially concur in today's decision. I am authorized to state that Judge Lumpkin joins this specially concurring writing.

FOOTNOTES

Gourley and Rushing both applied the harmless error standard for constitutional errors from Chapman v. California, 386 U.S. 18 (1967). More recent authority, however, makes clear that a less onerous harmless error standard applies to the review on appeal of violations of state rules of evidence. See Perez v. State, 2023 OK CR 1525 P.3d 46Duclos v. State, 2017 OK CR 8400 P.3d 781Simpson v. State, 1994 OK CR 40876 P.2d 690See also 20 O.S.2021, § 3001.1